UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVEAUN CARSON,

    Plaintiff,

        v.                          CAUSE NO. 3:20-CV-805-JD-MGG

HYATT, et al.,

    Defendants.

## OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed a complaint alleging he suffered an eye injury during a construction project at the Miami Correctional Facility. ECF 1. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Carson alleges he was struck in the eye with a piece of concrete that was dislodged during a construction project at the prison on October 23, 2018. ECF 1 at 2. It is unclear what was under construction and why the concrete was dislodged. Carson argues he should have been moved to a different cell during the construction. However, it is unclear whether the flying concrete was an obvious and inherent part of this

construction project or merely an unforeseen, unfortunate accident. What is clear is that, "not every deviation from ideally safe conditions constitutes a violation of the constitution. The Eighth amendment does not constitutionalize [safety regulations]. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted.).

The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). Conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). This complaint does not plausibly allege that housing Carson in his cell during the construction project was a sufficiently serious risk to state a claim.

This complaint does not state a claim, and it is unclear what facts Carson could provide which could do so. However, he may file an amended complaint if he has additional facts because "[t]he usual standard in civil cases is to allow defective

pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes and signs that form, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Daveaun Carson until **October 22, 2020**, to file an amended complaint; and

(2) CAUTIONS Daveaun Carson if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 29, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT