UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVEAUN CARSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-805-JD-MGG |
| HYATT, et al., | |
| Defendants. | |

OPINION AND ORDER

Daveaun Carson, a prisoner without a lawyer, filed an amended complaint alleging he suffered an eye injury during a construction project at the Miami Correctional Facility. ECF 6. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

During the installation of WiFi at the prison, Carson was struck in the eye with a piece of concrete that was dislodged when a worker inadvertently drilled through the wall of his cell on October 23, 2018. ECF 6. He argues the Warden, Correctional Officer Smith, and the contractor should have told him about the construction work in his area and/or moved him to a different location during construction. However, "not every

deviation from ideally safe conditions constitutes a violation of the constitution. The Eighth amendment does not constitutionalize [safety regulations]. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir. 1985) (quotation marks and citations omitted.). Here, the complaint makes clear that drilling completely through the wall into his cell was not part of the planned construction work. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . . and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, conditions of confinement must be severe to support an Eighth Amendment claim. "[T]he prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). This complaint does not plausibly allege that housing Carson in his cell during the neighboring construction project was a sufficiently serious risk to state a claim. Therefore the complaint does not state a claim against Warden Hyatt, Correctional Officer Smith, or the contractor.

In addition, Carson alleges he has not received proper medical treatment for his eye injury. However, he has provided few details about what treatment he has received and what he believes should have been done. Inmates are entitled to receive constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). However, prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Carson names Wexford, the company contracted to provide medical care at the prison, as a defendant. However, there is no general respondeat superior liability under 42 U.S.C. § 1983, and companies are not liable merely because they employ someone. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore the complaint does not state a claim against Wexford either.

This complaint does not state a claim against any of the named defendants. It is unclear if Carson could state a claim against an individual healthcare provider for denying him constitutionally adequate medical treatment for his eye. Nevertheless, he may file an amended complaint if he believes he can do so because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes and signs that form, he needs to send it to the court.

For these reasons, the court:

(1) DISMISSES Hyatt, Smith, Contractor for DOC, and Wexford Medical;

(2) GRANTS Daveaun Carson until **November 26, 2020**, to file an amended complaint; and

(3) CAUTIONS Daveaun Carson if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the amended complaint does not state a claim for which relief can be granted.

SO ORDERED on October 20, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT